CHARLES E. BLAKE, Trustee, *vs.* ATLANTIC NATIONAL BANK.

JULY 7, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Bill of Exceptions. Form.*

After decision by a justice sitting without a jury, defendant filed its bill of exceptions in which it stated no exception save the one taken to the decision, in the words "upon the 10th day of May, 1910, the court gave its decision in said cause for the plaintiff for the amount of the balance shown to be remaining in the hands of said defendant to which decision the defendant

duly excepted," and prayed that its bill of exceptions might be allowed. On motion to dismiss, held;—that it conformed to the requirements of the statute.

*Moore* v. *Stillman,* 28 R. I. 483 and *Fales* v. *Fales,* 29 R. I. 303 *overruled.*

(2) *Stating Exceptions Clearly and Separately.*

Gen. Laws, 1909, cap. 298, § 17, provides that the party prosecuting the exceptions, shall file "his bill of exceptions in which he shall state separately and clearly the exceptions relied upon."

*Held,* that the purpose of the statute was not to require the excepting party to elaborate his exceptions, or to set forth the reasons for his allegations of error or to outline the argument which he intends to make, but merely to collect from all parts of the record and bring together the precise exceptions taken in the travel of the case and upon which he then wishes to stand.

By stating each ruling to which he has taken an exception upon which he still relies, and also the fact that in due season he excepted to such ruling and also the page of the transcript where the exception is noted (if taken in the course of the trial) he has "separately and clearly stated" the exceptions relied upon.

BLODGETT, J., dissents.

ASSUMPSIT. Heard on motion to dismiss defendant's bill of exceptions and denied.

SWEETLAND, J. The plaintiff is the trustee in bankruptcy of a bankrupt copartnership. The plaintiff alleges that said copartnership before its bankruptcy pledged with the defendant certain shares of stock and a bond as collateral security for a loan made by it to the copartnership; that the defendant sold said collateral security to satisfy the indebtedness; that after deducting from the proceeds of the sale the amount of the loan it now holds a balance in its hands which it should pay over to the plaintiff. The proceeding is an action of the case brought to recover said balance.

Jury trial having been waived the case was tried in the Superior Court before the presiding justice. At a day subsequent to the date of hearing the said justice filed a rescript in the nature of the decision provided for in the statute in cases tried before a justice sitting without a jury. In this rescript the justice, after briefly considering the facts of the case and the questions of law which in his opinion were involved, gave "decision for the plaintiff for the amount of the balance shown to be remaining in the hands of said

defendant." To this decision the defendant excepted. Within the time fixed by law after filing a transcript of the evidence, the defendant filed its bill of exceptions, in which it states no exception save the one taken to the decision. In this bill of exceptions the defendant recites the title of the case, the name of the justice before whom it was tried, and the date of the trial, and then states that "upon the tenth day of May, 1910, the court gave its decision in said cause for the plaintiff for the amount of the balance shown to be remaining in the hands of said defendant, to which decision the defendant duly excepted." The defendant then prays that its bill of exceptions may be allowed by the court according to the statute.

The case is now before us upon the plaintiff's motion to dismiss the bill of exceptions on the grounds that the said defendant failed to comply with section 17 of chapter 298, General Laws, 1909, in that the said bill of exceptions does not state separately and clearly the exceptions taken by the said defendant to said decision of the Superior Court and now relied upon by said defendant, and that the statement of the exception in said bill of exceptions is too general and indefinite.

Section 8, Chapter 298, Gen. Laws, 1909, provides, among other things, that any party to a civil action heard on its merits by the Superior Court without a jury aggrieved by the decision of the court may except thereto. The statute does not prescribe any particular form for this exception, nor does it require that the party excepting shall embody in his exception the grounds of his objection to the decision. He has sufficiently complied with the statute if he brings upon the record in some formal way the fact that he objects to the decision.

Section 17, Chapter 298, Gen. Laws, 1909, provides, among other things, that within the time prescribed by law the party prosecuting exceptions shall file in the Superior Court "his bill of exceptions, in which he shall state separately and clearly the exceptions relied upon." In the pro-

gress of a cause in the Superior Court from its entry until final decision or verdict a party may take many exceptions, some of which, upon more deliberate consideration, he abandons. The requirement of the statute is that he shall compile those upon which he has decided to rely and that he shall set them out separately and clearly. This constitutes his bill of exceptions, which is the basis of his proceeding in this court of review. Its purpose is not to require the excepting party to elaborate his exceptions, to set forth the reasons for his allegations of error, or to outline the argument which he intends to make before this court.

For convenience and in the furtherance of orderly procedure the party is required to collect from all parts of the record, and bring together in one paper, the precise exceptions which he has taken in the travel of the case and upon which he now wishes to stand. Some misconception has arisen in the interpretation of the requirement that he shall state his exceptions separately and clearly. It is to be noted that it is the exceptions themselves which are to be stated separately and clearly, not the reasons upon which the party bases his claim of error. A party has complied with this provision if in his bill he clearly states each ruling of the justice to which he has taken an exception upon which he still relies, and also states the fact that in due season he excepted to said ruling. If the exception was taken in the course of the trial, and appears upon the transcript, he should also state the page of the transcript where the exception is noted. By this course the party prosecuting exceptions has separately and clearly stated the exceptions relied upon by him. The bill of exceptions, under the statute, must be presented to the justice who presided at the trial for his allowance. If the bill of exceptions is to be regarded as a statement of the party's reasons for assigning error in the rulings of the justice, it is a most unreasonable procedure to present the bill to the justice for his allowance. Such allowance would strictly mean that the justice approved of the reasons given for the adverse criticism upon his own

rulings.  A more reasonable view of the matter is, that the bill is to be simply a catalogue of the rulings of the justice and the exceptions thereto which the party claims to have taken; and that it is presented to the justice that he may place thereon his certificate as to whether or not the rulings were made and the exceptions claimed were actually taken. It must be that the justices of the Superior Court are frequently perplexed and uncertain as to the form of certificates which they shall attach to bills of exceptions containing statements of rulings and exceptions mingled with reasons, citations of authorities and arguments.  This embarrassment arises from the attempt to incorporate in a bill of exceptions matters which are foreign to it, a practice which the statute does not contemplate and which confounds the functions of a bill of exceptions with that of a brief.

The proceedings under a petition to establish the truth of exceptions, when the justice has failed to allow the bill of exceptions, or has disallowed, altered or refused to alter the same, are inconsistent with the contention of this plaintiff that one of the purposes of a bill of exceptions is to inform the adversary party of the reasons which will be urged before this court in support of the exceptions.  Why should not the adversary party have that information when the exceptions to be considered before this court are established upon a petition to this court as well as when they are established by the allowance of a justice of the Superior Court?  The provision of the statute is that the petition shall state the facts, and from the facts this court shall determine whether or not such exceptions were taken and if it finds they were in fact taken, this court shall establish their truth.  There is no provision in that proceeding for attaching to the exceptions, so established, reasons why they should be sustained.  No adversary party in any such proceeding has sought to have that done, the court has never required it to be done, it is clearly outside the scheme of such proceedings. The purpose of both the allowance of a bill of exceptions, and the order upon a petition to establish, is to fix the truth

of the exceptions, i. e. whether or not they were actually taken. Neither proceeding concerns itself with the validity of the exceptions.

In this case the defendant took exception to the decision of the Superior Court as the statute permitted it to do. In its bill of exceptions it has clearly set out the decision of the justice and the fact that it duly excepted thereto. It has no other exception upon which it relies. It has conformed to the requirements of the statute. In this proceeding the court should insist that the statutory requirements be strictly complied with, but it cannot properly impose burdens upon the defendant unknown to the statute.

The plaintiff bases its contention in support of its motion largely upon the opinions of this court in Moore v. Stillman, 28 R. I. 483, and Fales v. Fales, 29 R. I. 303. Moore v. Stillman followed in Fales v. Fales, proceeded upon the assumption that the practice in bills of exceptions should conform to the former practice in petitions for new trial in the Appellate Division of the Supreme Court. This practice had been enunciated in Denison v. Foster, 18 R. I. 735, where the court held that general statements contained in petitions for a new trial without specifications thereunder did not entitle the petitioner to a new trial, or even to any consideration at the hands of the court. Upon further consideration a majority of the court are of the opinion that there is a distinction between the two proceedings and that Moore v. Stillman and Fales v. Fales do not correctly interpret the statute with regard to the form and requirements of bills of exceptions. The said cases are overruled.

It is the order of a majority of the court that the plaintiff's motion be denied and dismissed.

BLODGETT, J., dissents.

*Gardner, Pirce & Thornley*, for plaintiff.
*Charles R. Haslam*, of council.
*John S. Murdock, Percy W. Gardner*, for defendant.