JOHN MINGO vs. RHODE ISLAND COMPANY.

MARCH 5, 1920.

PRESENT:  Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  New Trial.  Verdict Contrary to Law.

On hearing of motion for new trial before the trial judge on the ground that the verdict is contrary to law, the only question open for consideration is whether the jury accepted and followed the law as stated by him at the trial.

(2)  New Trial.  Verdict Contrary to Law. ·

An error of law of the trial court cannot be reviewed by him on motion for new trial claiming that the verdict is against the law.

(3)  New Trial.  Exceptions.  Verdict Contrary to law.

Where no exception was taken to the charge of the trial judge, and no request to charge differently was made, such charge is the law of the case and the question that the verdict was contrary to the law cannot be raised on bill of exceptions since the question was not properly brought upon the record.

TRESPASS ON THE CASE for negligence.  Heard on exceptions of defendant and overruled.

SWEENEY, J.  This case is reported in 41 R. I. 423. Subsequently it came on for trial in the Superior Court and the jury returned a verdict for the plaintiff.  It appeared from the plaintiff's testimony that two of the defendant's trolley cars collided at a switch with such force, that one of them swung around and hit a coal truck which the plaintiff was driving, throwing him from his seat to the ground, thereby severely injuring him.  The testimony introduced by the defendant only related to the nature and extent of the injuries sustained by the plaintiff.  The defendant claimed as a result of the plaintiff's testimony, that he was barred from maintaining his action because the testimony showed that there was no bona fide agreement between him and his employer that the money received by him under the provisions of the Workmen's Compensation Act was to be returned to his employer if damages were obtained by him from the defendant.  The trial justice duly instructed the jury about the issues involved in the case, and the law

applicable thereto, in accordance with the opinion of this court. The jury returned a general verdict in favor of the plaintiff, and found specially that the plaintiff himself, or through an attorney duly authorized for that purpose, did make an agreement to pay back to his employer any monies paid by the employer for compensation before the agreement of July 23, 1917. The defendant duly filed a motion for a new trial which was denied by the trial justice and the defendant then duly brought his bill of exceptions to this court.

The only exceptions claimed at the hearing before this court were the 5th, 6th and 8th; the other five exceptions being waived.

The 6th exception is to the effect that the trial justice erred in denying the defendant's motion for a new trial on the ground that the verdict is contrary to law. The trial court may grant a new trial for any reason for which a new trial is usually granted at common law, other than error of law occurring at the trial. Sec. 12, Chap. 298, Gen. Laws. On the hearing of a motion for a new trial before the trial judge on the ground that the verdict is contrary to law, the only question open for him to consider is whether the jury accepted and followed the law as stated by him at the trial. *Greene* v. *R. I. Co.*, 38 R. I. 17; *Musk* v. *Hall*, 34 R. I. 126. Any error of law of the trial court cannot be reviewed by him on a motion for a new trial claiming that the verdict is against the law. *Ralph* v. *Taylor*, 33 R. I. 503; *Reid* v. *R. I. Co.*, 28 R. I. 321.

Under this ground that the verdict is contrary to the law, the defendant claims that this court should re-examine the question of law heretofore decided by it and overrule its former opinion. We cannot consider this question because it is not claimed in the bill of exceptions. The statute provides that the bill of exceptions shall "state separately and clearly the exceptions relied upon; but no exception shall be stated therein to any ruling or decision upon any question of law theretofore certified to and decided by the supreme

court in the cause." Sec. 17, Chap. 298. Under our statute errors of fact and errors of law are brought to the Supreme Court for review by a bill of exceptions. These errors must be founded upon the record and stated with sufficient particularity to present clearly the questions intended to be raised. *Moore* v. *Stillman*, 28 R. I. 483; *Enos* v. *R. I. Sub. Ry. Co.*, 29 R. I. 297. Questions of law not properly brought upon the record by exception will not be considered by the court on a petition for a new trial. *Phillips* v. *Shackford*, 21 R. I. 422. Where a claim or defense available at the trial of a cause is not presented at the trial, and no ruling of the court is asked for in relation thereto, it cannot be the subject of a petition for a new trial. *Jones* v. *Henault*, 20 R. I. 465.

The trial justice having instructed the jury in the law applicable to the case in accordance with the opinion of this court, and no exception having been taken to such charge by the defendant, and no request to charge differently having been presented to said trial justice, and the questions now sought to be raised not being properly brought upon the record, the defendant cannot now be heard on any claim (3) of exceptions to said charge, or be heard in opposition to the law as stated in it, as it has been held that the right of exception to an incorrect statement of law is regarded as waived unless exception is taken thereto, and that a charge to which there is no exception is the law of the case. If the defendant wished to have the jury instructed according to its theory of the law applicable to the case it was its duty to have requested such instructions in order to bring the matter of law upon the record, or to have claimed exceptions to so much of the instructions given as it considered erroneous. *Miller* v. *Phillips*, 39 R. I. 416; *Sheldon* v. *Wilbur*, 32 R. I. 192; *Covell* v. *Carpenter*, 24 R. I. p. 1.

The 5th and 8th exceptions are to the effect that the trial justice erred in denying the defendant's motion for a new trial on the grounds that the verdict, and the special finding of the jury, are contrary to the evidence and the weight

thereof. The jury was carefully and fully instructed in the law relating to the issue as to whether or not there was a *bona fide* agreement between the plaintiff and his employer that the plaintiff would proceed and recover damages from the defendant and repay any money he might receive from his employer under the provisions of the Workmen's Compensation Act. The jury found specially that there was such an agreement, and the trial justice has stated in his rescript that the jury was warranted in finding that a *bona fide* agreement was made.

This court has carefully read and considered all of the testimony relating to the matter of the agreement in question, and there being ample testimony to support the verdict, and nothing ·in it to indicate an exception to the rule as adopted in many cases, including *Wilcox* v. *R. I. Co.,* 29 R. I. 292, *Tavares* v. *Dewing,* 39 R. I. 174, all of the defendant's exceptions are overruled, and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff.

*William H. McSoley,* for plaintiff.
*Clifford Whipple, Alonzo R. Williams,* for defendant.