WILLIAM L. SHARPE, Admr. *vs.* MARY E. COLE.

JUNE 28, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)   *Claim for Services Rendered Intestate.   Evidence.*

On a claim for services rendered intestate in his life time where the claim filed contained only one item for money loaned, evidence of claimant that when

intestate was away, and there was not sufficient money for current expenses she some times paid the bills from her own funds was properly admitted, although return of the loans with the one exception was admitted by claimant, as throwning some light on the nature and value of the services rendered.

(2)   *Claim for Services Rendered Intestate.   Evidence.*

On a claim for services rendered intestate it was not error to exclude a question on the part of the estate tending to show that claimant had not made any claim to the administrator or presented any bill to him prior to filing her claim under the statute through an attorney.

(3)   *Claim for Services Rendered Intestate.   Requests to Charge.*

On a claim for services rendered intestate requests to charge that if the jury found that intestate paid claimant for her work to a certain time, by depositing her compensation in a box over which she exercised control, which money claimant loaned intestate, nothing should be allowed claimant for her services prior to such date and nothing should be allowed for the loan since no claim for money loaned was made, were properly refused where it was a question for the jury whether the control of the money deposited in the box ever passed to claimant thereby constituting payment for her services.

(4)   *Bills of Exceptions.   Stating Exceptions Separately.*

Where a bill of exceptions alleges that appellant took an exception to the ruling denying the motion for a new trial and exceptions to other rulings and insists upon all of such exceptions and then specifies and numbers certain exceptions among which the exception to the denial of the motion for a new trial is not included, such exception is not before the court.

ASSUMPSIT.   Heard on exceptions of appellant and overruled.

RATHBUN, J.   The appellant is administrator of the estate of Samuel Crompton.   The cause involved the appellee's claim against said estate for services rendered said Crompton in his lifetime.   The claim was duly filed in the probate court and this appellant appealed to the Superior Court from a decree of the probate court allowing a portion of said claim.   The trial in the Superior Court resulted in a verdict for the appellee for $3,078.   The case is before this court on appellant's bill of exceptions.

Mr. Crompton was engaged in the junk business and did some plumbing and steam fitting.

The appellant's first exception is to the ruling of the court permitting the appellee to testify that when the cash on

hand was insufficient to meet the current expenses and Mr.
(1) Crompton was out of town she sometimes paid the  bills
from her own funds.  Appellant contends that this testi-
mony was inadmissible for the reason that the claim filed
contained no items of money loaned except one item of
fifty dollars (which sum was loaned to enable Mr. Crompton
to purchase stock) and hence that with the exception of said
fifty dollars no recovery could be had for money paid out
for Mr. Crompton's use.  Miss Cole testified that Mr.
Crompton always on his return reimbursed her for money
she had paid out for the benefit of the business in his absence
and her attorney expressly stated at the time the testimony
was admitted that he made no claim for money loaned except
as to the loan of fifty dollars.  In Mr. Crompton's absence
Miss Cole not only did the bookkeeping but had a general
oversight of the business.  We think the testimony was
relevant as it tended to throw some light on the nature and
value of the services rendered.  The appellant's first ex-
ception is overruled.

Appellant's second exception is to the ruling of the court
sustaining an objection to the following question to Miss
(2) Cole on cross-examination:  "Well, did you ever make any
claim to Mr. Sharpe or present any bill to him as admin-
istrator until you did it through Mr. Allen?"  It was within
the discretion of the justice to permit an answer to the
question but the ruling sustaining the objection was not
reversible error.  It cannot be argued that a claim is
fictitious simply because the claimant failed to discuss her
claim with the administrator of the estate before having the
statement prepared by an attorney.  In filing the claim
with the probate court she followed the course prescribed
by statute.  She might have lost her right to recover had
she been content to simply discuss her claim with the
administrator.  The appellant's second exception is over-
ruled.

Appellant's third and fourth exceptions are to the refusal
of the court to grant appellant's request to charge the jury
as follows:

"1.   If you find that Mr. Crompton paid Miss Cole for all her work up to sometime in 1910, by putting the compensation for such services into a box for Miss Cole, over which she exercised dominion and control, which money she loaned to him at some date in 1910, then you will not allow her any amount for services prior to the date up to which he had so paid her.

"2.   Nor shall you allow her anything for such loan, for the reason that no claim for such a loan is made by her in this case."

(3)     Instead of paying Miss Cole her wages as they became due Mr. Crompton commenced in 1901 depositing in a tin box, from time to time, at irregular intervals, the sums of money due her.   The box was supplied by Mr. Crompton's mother and was for some time kept in her house.   After her decease the box was some of the time kept in Mr. Crompton's apartment over his place of business and at other times it was kept in the safe at the office. · It was the habit of Mr. Crompton to tell Miss Cole how much money he had deposited in the box for her. . Occasionally he would ask her to count the money and ascertain if he had deposited the correct amount.   Mr. ·Crompton often used the money in the box for the purpose of making change and frequently borrowed from the box but usually asked permission of Miss Cole before taking the money.   He would usually, but not always, return to the box the amount which he had taken from it.   Miss Cole never went to the box except as requested by Mr. Crompton and never took any money from it for her own use.   At one time the fund in the box had accumulated to about eight hundred dollars.   In 1910 .Mr. Crompton asked permission of Miss Cole to take the money to pay a note and she answered, "Why, certainly, if you want it for that; rather than take another note, you use it." Mr. Crompton at the time stated, "I will pay you all back." He took all of the money and never returned any portion of it and did not again deposit money in the box.   Miss Cole did testify that she loaned this money to Mr. Cromp-

ton. She also testified that she gave him permission to take the money. From the testimony it would appear that Mr. Crompton at all times had the custody of the box and contents and that Miss Cole never exercised dominion or control over the box other than formally consenting to his using the money from time to time and finally taking the entire contents of the box. But whether the possession and control of the money deposited in the box ever passed from Mr. Crompton to Miss Cole, thereby constituting payment for her services, was a question of fact which was properly submitted to the jury. Appellant's third and fourth exceptions are overruled.

Appellant's fifth exception is to the following charge of the court: "As to the matter of interest, gentlemen, I would instruct you that whatever interest, if you find any interest due, should be from the date of the filing of the claim, which was January 24th, 1919." It appears that this instruction was superseded by the following stipulation: "It is stipulated between counsel that the following form of verdict is agreed upon between them: "The Jury find that the appellant's intestate did promise in manner and form as the appellee has declared and assesses damages for the appellee in the sum of........................Dollars, with any interest that should be legally figured thereon.' " From the verdict it would appear that no interest was allowed by the jury and that none was computed or added to the principal sum which the jury found to be due. Appellant's fifth exception is overruled.

(4)     The appellant argues that the verdict is against the evidence and that the damages are excessive. In denying the motion for a new trial the trial court decided both of these questions adversely to the appellant and there appears to be no sufficient reason for setting aside the verdict of the jury which has received the approval of the trial court. However, the question is not before us. Section 17, Chap. 298, G. L. 1909, requires a party prosecuting a bill of exceptions to "state separately and clearly the exceptions relied upon."

See *Blake* v. *Atlantic National Bank*, 33 R. I. 109. The appellant in his bill of exceptions alleges that he took an exception to the ruling denying the motion for a new trial, that he took exceptions to other rulings of the court and states that he insists upon all of these exceptions. The bill then proceeds as follows: "And now within the time fixed by the Superior Court the appellant comes and files a transscript of all the testimony in the cause, together with this as his Bill of Exceptions, and prays that the same may be allowed. He specifies the following grounds of exceptions:" The bill proceeds to set out and number appellant's five exceptions but the exception to the ruling denying the motion for a new trial is not included in the list.

All of the appellant's exceptions are overruled and the case is remitted to the Superior Court for entry of decree in accordance with the verdict.

*Quinn & Kernan*, for appellant.
*Alexander L. Churchill*, for appellee.