DAVID LABONTE *vs.* ANGELLO ALVERNAZ.

VITALINE BREAULT *vs.* SAME.

FELIX BREAULT *vs.* SAME.

MARCH 24, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Bills of Exceptions.   Newly Discovered Evidence.*

The court is not authorized to receive new or additional testimony to determine the validity of the exceptions stated in the bill.

*(2)  Bills of Exceptions.   Newly Discovered Evidence.*

Where a bill of exceptions was founded on a decision denying a motion for new trial, as the ground of newly discovered evidence was not alleged in the motion for new trial it could not be considered by the justice of the lower court when deciding the motion and cannot be considered by the appellate court as it is not stated in the bill of exceptions. Nor can affidavits of evidence newly discovered be considered under authority of Gen. Laws, 1923, par. 5108, where the action is not before the court on petition for permission to file motion for new trial in the Superior Court upon the ground of evidence newly discovered.

BILLS OF EXCEPTIONS. Heard on motion of defendants for leave to file affidavits of newly discovered evidence and denied.

SWEENEY, J. These actions have been brought to this court by the defendant's bills of exceptions.

They are now heard on defendant's motions filed in this court for leave to file affidavits of newly discovered testimony, secured more than one year after the verdicts were rendered.

The actions were tried together in the Superior Court and a verdict was rendered for each plaintiff. A motion for a new trial was duly filed in each case. The ground of newly discovered evidence was not alleged in either motion. The motions were heard and denied *pro forma* by the presiding justice of the Superior Court, because the justice who presided at the trial died before deciding the motions.

The only exception stated in each bill of exceptions is to the denial of the motion for a new trial. This court decides

only the questions presented in the bill of exceptions. § 5130, Gen. Laws, 1923. The exceptions relied upon must be stated separately and clearly. § 5125, Gen. Laws, 1923. A transcript of the evidence necessary for the determination of the exceptions has been filed and allowed. We are not authorized to receive new or additional testimony to determine the validity of the exceptions stated in the bill. The statute relating to procedure on bills of exceptions is jurisdictional. *Stanton* v. *Hawkins*, 41 R. I. 501; *Batchelor* v. *Batchelor*, 39 R. I. 110.

The exceptions are founded on the decision denying the motion for a new trial. As the ground of newly discovered evidence is not alleged in the motion for a new trial it could not be considered by the justice of the Superior Court when deciding the motion. *Parker* v. *Bird Co.*, 221 Mass. 422; *Peirson* v. *Boston El. Ry. Co.*, 191 Mass. 223. *A fortiori*, this ground can not be considered by this court as it is not stated in the bills of exceptions. Nor can the affidavits of evidence newly discovered be considered under authority of § 5108, Gen. Laws, 1923, as the actions are not before us on petitions for permission to file motions for a new trial in the Superior Court upon the ground of evidence newly discovered.

The motion in each case is denied and dismissed.

*Voigt & O'Neill, William E. Parmenter*, for plaintiffs.

*William A. Gunning*, for defendant.