### JAMES C. GOFF CO. *vs.* AMOS F. LUNN.

NOVEMBER 28, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

546

RATHBUN, J. This is an action in assumpsit to recover for building materials. The trial in the Superior Court resulted in a verdict for the plaintiff for $1,261.60. The trial justice denied the defendant's motion for a new trial and the case is before us on the defendant's exceptions to the admission and exclusion of testimony.

This is the second time that the case has come to this court. See *Goff* v. *Lunn*, 48 R. I. 416; 137 A. 879.

The defendant admits that he ordered and received six of the thirteen bills of goods set out in the bill of particulars. It is apparent that all of the goods charged to the defendant were delivered to P. J. Donahey at Milford, Mass. As to the disputed items, the only question was whether the plaintiff was authorized by the defendant to charge the goods to his account. The deliveries covered a period of about three months. Statements of deliveries were sent to and received by the defendant who made no objection to the statements until long after the deliveries were completed.

The plaintiff's bookkeeper was permitted to testify as to a charge slip for $25 in the handwriting of a former officer of the company. It appeared that the entry was made by the officer in the course of his duty and was a part of the business accounts of the plaintiff. At the time of the trial the person making the entry was not connected with the plaintiff and his whereabouts was unknown to the witness. Exception to the admission of this testimony was taken on the ground that it did not appear that the person making the entry was beyond the jurisdiction of the court. In *State* v. *Mace*, 6 R. I. 85, it was held that such entries were admissible on proof of the handwriting of the person making the entry, provided it appears that he is not available as a witness by reason of being without the State. If the whereabouts of such a witness is not known and cannot be ascertained the entry should not be excluded on the ground that

it does not appear that he is without the State. The deposition of a person without the State may be taken. If a witness cannot be located he is not available, and it is of little importance that it cannot be shown that he is without the State. The trial justice must necessarily have considerable discretion in determining how much proof he will require to satisfy himself that the person making the entry is not available as a witness. For a full discussion of the subject see Wigmore on Ev., § 1522, et sec.

Defendant excepted to the admission of two letters, exhibits 2 and 3. Exceptions to the admission of these exhibits at the previous trial were overruled in our former opinion. These exceptions are without merit and are overruled.

The plaintiff contended that it sold no goods to Donahey. Mr. Donahey, a witness called by the defendant, testified that he ordered no goods from the plaintiff. The defendant offered to prove by a Mr. Congdon that he heard Mr. Donahey call a telephone number and heard someone on the line answer "James C. Goff Company" and that thereupon Mr. Donahey ordered certain soil pipe. The witness did not know the name of the person who answered the call. The testimony was excluded, first, on the ground that it was necessary that the witness "identify the party at the other end of the line either by speech or some other means." Second, on the ground that the defendant was seeking to contradict his own witness, Mr. Donahey. The second reason assigned is not tenable. A party is permitted to prove a material fact although a witness previously called by the party denied the existence of such fact. Although one effect of the proof is to impeach the party's former witness, the purpose of the proof is not to impeach a witness but to prove a fact. When a party is disappointed in the testimony of one witness he is not precluded from proving the fact by another witness although the testimony of the second witness tends to impeach the first. *Municipal Court* v. *Kirby*, 28 R. I. 287. However, the ruling excluding

testimony as to the telephone conversation was correct. The witness, relying upon hearsay, may have believed that Mr. Donahey was talking with one of the plaintiff's salesmen, but as he had no means of knowing with whom Donahey was speaking, the evidence was based on hearsay and was for that reason inadmissible. *Donahue* v. *The Reiner Co.*, 46 R. I. 302.

The defendant argued that the trial justice erred in denying defendant's motion for a new trial. As no exception to the ruling is included in the list of exceptions, the exception is not before us. *Sharpe* v. *Cole*, 43 R. I. 110. Sec. 17, Chap. 348, G. L. 1923, provides that a party presenting a bill of exceptions must "state separately and clearly the exceptions relied upon." However, the defendant loses nothing by failing to note the exception among those relied upon. The trial justice was satisfied that the verdict did substantial justice between the parties and we are unhesitatingly of the same opinion. The other exceptions are without merit and require no consideration.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

*Gardner, Moss & Haslam*, for plaintiff.
*Greene, Kennedy & Greene*, for defendant.