### EDWARD GREGORY et ux. vs. NATHAN EUGENE d.b.a. RICHMOND ELECTRIC CO.

MAY 20, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of assumpsit which was tried to a jury in the superior court and resulted in a verdict for the plaintiffs. The case is here on defendant's bill of exceptions containing an exception to the trial justice's denial of his motion for a new trial and four exceptions to the admission of certain testimony.

The evidence shows that on March 25, 1947 defendant borrowed from plaintiffs $500 which he agreed in writing to repay within two weeks thereafter in two weekly installments of $250. It further shows that he did not make any payment as therein agreed but did pay $25 by check on August 2, 1947. Plaintiffs acknowledged the receipt of that sum and they also admitted at the trial that defendant was entitled to a further credit on the loan in the sum of $45 because of an agreement between him and plaintiff Edward Gregory to that effect. Plaintiffs thus contend that defendant was still indebted to them for a balance, after deducting those credits, of $430.

Defendant claimed that on October 10, 1947 at the request of Edward Gregory he paid that balance in cash. In proof of this claim he introduced in evidence an order book which was used in his store for obtaining merchandise from wholesale suppliers. It contained numbered forms for making out orders in duplicate. However, on one form No. 5103 the original was missing but on the carbon copy there appeared an alleged receipt for $430 in cash written over the signature of Edward Gregory. Defendant testified that the alleged receipt was in duplicate and that he had torn out the original and filed it in his office but that he had not been able to find it at the time of the trial. Gregory admitted the carbon copy bore his signature but denied that the writing above it acknowledging receipt of $430 was on the paper when he signed it.

It appeared that Gregory was the manager of defendant's store and in the course of his duties it was his practice

to sign his name to a number of forms in the order book in blank and that these forms when thus signed were used by other employees to obtain merchandise needed for the store from various wholesale suppliers. This alleged receipt in the form of a carbon copy of order No. 5103 in the order book was introduced into evidence as an exhibit and reads as follows:

"Oct 10-47

Release from Jennie & Ed. Gregory
    to Nathan Eugene
    Received from Nathan Eugene
       00
    $500   for note claimed lost by me
      Payment made in the following way

| | | |
|---|---:|---:|
| Aug-2-1947 By check #110714 | 25 | 00 |
| By credit cashed check against order | 45 | 00 |
| By cash 10-1947 given me | 430 | 00 |
| Total paid me for claim | $500 — | |

Signed for Jennie & my self.
                Signature Ed Gregory"

The conflict in the testimony as to the genuineness of such receipt became the decisive issue in the trial of the case. The testimony of Gregory denying it and that of the defendant affirming it together with other contradictory testimony concerning their conduct toward each other with reference to defendant's payment of the loan raised a clear question of credibility which, when once determined, would be decisive of the whole case. That such was the opinion of the trial justice is obvious from the following manner in which he instructed the jury without objection. He said, referring to the testimony, "somebody is lying. * * * Either the plaintiff is committing perjury or the defendant is." He then instructed them that the burden of proof of the issue of payment was on the defendant because he was alleging payment of the loan.

The jury apparently did not credit the defendant. They must have felt that his testimony concerning the writing

of the alleged receipt over the signature of Edward Gregory in the order book was untrustworthy or at least that it did not preponderate over the explanation of Gregory that he had written his signature in the order book in the course of his duties as manager of defendant's store and not as a receipt for cash paid to him by defendant. Moreover defendant's attitude on cross-examination may well have convinced them that he was unworthy of belief. For that reason we can readily understand why the trial justice, who also saw defendant as he was testifying, said in his rescript denying defendant's motion for a new trial that he was "very definitely of the opinion that the defendant did not tell the truth."

In our opinion it is clear that he exercised his independent judgment in concluding that there was ample evidence to justify the jury's verdict. This being so, his decision will not be disturbed by us unless it is clearly wrong. *Murphy* v. *Palmer,* 73 R. I. 182. There is nothing in the record that would justify us in so finding. Defendant's exception to the denial of his motion for a new trial is accordingly overruled.

We have carefully considered defendant's other exceptions to the admission of evidence and in our opinion they are so lacking in merit as not to require extended discussion. None of the testimony objected to could be considered in any real sense prejudicial to the defendant so as to justify us in vitiating the jury's verdict and granting a new trial. These exceptions are overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Joseph Goodman, Milton Stanzler,* for plaintiffs.

*Kirshenbaum & Kirshenbaum,* for defendant.