MARY McGOVERN *vs.* GEORGE E. LORD.

JULY 29, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This action of trespass on the case for negligence was brought to recover for personal injuries sustained by the plaintiff when she was struck by an automobile owned by the defendant and operated by his wife. The case was tried in the superior court before a justice thereof sitting with a jury and resulted in a verdict for the defendant. The plaintiff's motion for a new trial was denied, and the case is here on her bill of exceptions to the denial of such motion and to certain rulings made by the trial justice during the trial.

The declaration contains a single count and alleges that plaintiff, while crossing Broad street, a public highway in the city of Cranston, and while in the exercise of due care, was struck by defendant's automobile thereby receiving bodily injuries.

The evidence discloses that on the afternoon of December 14, 1954 between four and five o'clock defendant's wife was driving her husband's automobile southerly on Broad street just beyond the Providence-Cranston line. She was accompanied by her mother, who was on the front seat, and two other women passengers who were on the rear seat. It was raining very hard. The plaintiff was attempting to cross the highway from the westerly side when she came in contact with defendant's car, was knocked down, and received a broken left wrist and a fracture of the smaller

bone of the left lower leg. She was later taken to St. Joseph's Hospital where she remained fifty-six days.

It appears from the evidence that Broad street in the general location of the accident is between 52 and 53 feet wide; that it runs generally north and south; that there is a crosswalk approximately 13 feet in width; and that the distance from the crosswalk northerly to the junction of Montgomery avenue and Broad street is 207 feet. It also appears that there is a bus terminal on the westerly side of Broad street between Oakland Cemetery on the south and the Palace Theater on the north; that there is an A & P store on the easterly side of Broad street; that the distance from the center of the store northerly to the crosswalk is 52 feet; and that from the crosswalk northerly to the center of the Palace Theater is 168 feet.

The plaintiff testified that she alighted from a bus at the bus terminal and attempted to cross Broad street at the crosswalk; that she had an umbrella which was closed; that she had seen an automobile at the entrance to the theater but thought she had time to cross; and that when she was about in the middle of the crosswalk she was struck and thrown into the air by a car.

William T. MacDougald, principal of a junior high school in Providence, testified that he was driving southerly on Broad street; that while passing the Palace Theater he noticed two cars in front of him; that as he glanced up he saw an object in the air "about a foot or a foot and a half above the radiator of a car on the right side of an automobile"; that he stopped his car; that upon investigating he found plaintiff lying in the road about 35 feet south of the crosswalk; and that he helped her up and eventually took her to St. Joseph's Hospital.

Mildred F. Lord, defendant's wife, testified that she drove easterly on Montgomery avenue, stopped at Broad street, then turned right and proceeded southerly on Broad street; that the car was in low speed, and at the bus terminal she

shifted into second speed and was proceeding about 15 miles per hour; that after she had passed the terminal and the crosswalk she "felt as if something hit the side of my car —sort of a thud as if something had hit it"; that she was then directly across from the A & P store entrance; that she immediately put her foot on the brake and guided the car to the westerly curb; that on the right front fender was a post or rod which was to show when the car was close to the curbing; that she noticed this rod was bent; that when she got out of the car a man was assisting plaintiff; and that an umbrella which was open was rolling about, and she recovered it for plaintiff. The two passengers who were on the rear seat of the automobile also testified to hearing a brushing sound on the right front side of the car.

The plaintiff's bill of exceptions contains six exceptions. The first four were taken to rulings on evidence made by the trial justice during the trial. We have examined these and find them to be without merit, and therefore they do not require discussion.

Each of the two remaining exceptions was taken to the denial of plaintiff's motion for a new trial. At the hearing on such motion the trial justice discussed the grounds at considerable length and then denied the motion, to which an exception was taken. A moment later he referred to a point which he had apparently overlooked, and after discussing it he again denied the motion, and an exception was taken thereto. These two exceptions will be treated as one exception.

The plaintiff's motion for a new trial contains twelve grounds. Those numbered 1, 2, 3, 4, 5, 6, 7, 10 and 11 are proper grounds for a motion for a new trial involving as they do matters on which the trial justice could properly pass. General laws 1956, §9-23-1. *Mingo* v. *Rhode Island Co.*, 42 R. I. 543. Grounds 8, 9 and 12 are based upon alleged errors of the trial justice which if true he could not pass upon when deciding a motion for a new trial. Errors

made by a trial justice in the course of a trial to which exceptions have been taken are brought before this court by a bill of exceptions. G. L. 1956, §§9-24-14, 9-24-17. It does not appear that exceptions were taken to the alleged errors of the trial justice which are the basis for grounds 8, 9 and 12; nor does it appear that, if taken, they were incorporated in plaintiff's bill of exceptions as they should have been if plaintiff desired this court to consider them. *Blake* v. *Atlantic National Bank,* 33 R. I. 109; *Sharpe* v. *Cole,* 43 R. I. 110; *James C. Goff Co.* v. *Lunn,* 49 R. I. 455; *Labonte* v. *Alvernaz,* 47 R. I. 226. Therefore in our consideration of plaintiff's exceptions to the denial of her motion for a new trial we shall consider only the grounds which we hold are proper for the granting thereof.

In the jury's consideration of the evidence the members might be expected to give particular attention to evidence relating to the weather, to the speed of defendant's car, to plaintiff's position on the highway in relation to the crosswalk, and to the part of the car with which she was in contact when struck. There was no dispute as to the weather. All the testimony showed that it was raining hard. The defendant gave the speed of her car as 15 to 20 miles per hour and there was no testimony which directly or inferentially contradicted her.

The plaintiff in her testimony placed herself upon the crosswalk. No one corroborated her in that. On the other hand there was ample evidence from which the jury could find that her contact with defendant's car took place a little distance to the south of the crosswalk approximately opposite the entrance to the A & P store. The plaintiff did not testify as to what part of the machine struck her, but certainly there was much evidence from which the jury could properly reach the conclusion that plaintiff walked into the front part of the right side of the car. There was no evidence contradicting the testimony that defendant's car was lighted.

The plaintiff's seventh ground in her motion for a new trial is "That the verdict of the jury was based upon sympathy for the defendant and improper argument to the jury by counsel for the defendant." As to the latter part of this ground, if plaintiff's counsel was of the opinion that defendant's argument was improper it was his duty to object, and if not properly cured by the trial justice he could take an exception and incorporate such exception in the bill of exceptions. It does not appear that this was done.

We have read the transcript and are clearly of the opinion that the jury could properly reach the verdict that it did. The trial justice, who saw and heard the witnesses, has approved the verdict and we cannot say that in doing so he was clearly wrong. *Floyd* v. *Turgeon,* 68 R. I. 218; *Gregory* v. *Eugene,* 75 R. I. 330; *Wine* v. *Lovett,* 80 R. I. 425. The exceptions to the denials of the motion for a new trial are overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

### ON MOTION FOR REARGUMENT.
#### OCTOBER 6, 1960.

PER CURIAM. After our decision in the above case the plaintiff asked and received permission to present a motion for leave to reargue. Pursuant thereto she has filed such a motion, setting out therein certain reasons on which she bases her contention that justice requires a reargument of the case.

We have carefully considered all those reasons and we are of the opinion that they are without merit.

Motion denied.

*Robert T. Murphy, Edmund J. Carberry, Jr.,* for plaintiff.

*Claude R. Branch, Henry G. Weaver, Jr.,* of Boston, Mass., for defendant.