PATRICK MURPHY v. NORTH JERSEY STREET RAILWAY COMPANY.

Argued February 24, 1904—Decided June 13, 1904.

1. Although it cannot be held, as a matter of law, that a person who attempts to board a trolley car while it is in motion is negligent, yet when the fact that the car is in motion is the sole producing cause of the injury sued for, the risk of its occurrence is one which the person making the attempt must be held to have assumed.
2. A plaintiff is only entitled to recover by establishing the truth of his case as laid in his declaration, and if he fails to do this the defendant is entitled to the verdict of the jury.

---

On writ of error to the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff in error, *Chauncy H. Beasley.*

For the defendant in error, *Samuel Kalisch.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action is brought to recover compensation for injuries received by the plaintiff while attempting to board a car of the defendant company at the Market street station, in the city of Newark.

The allegation of the declaration is that while the defendant's car was standing at the station, the plaintiff attempted to get upon it; and that while he was in the act of boarding it the employes of the defendant company negligently and improperly started the car, thereby throwing the plaintiff to the ground. The plea was the general issue. The proof submitted by the plaintiff at the trial corresponded with the allegations of the declaration. The case made by the defendant was that its car had already started when the plaintiff approached it for the purpose of becoming a passenger on it; that, while it was in motion, he attempted to board it, missed his hold upon the grip and fell to the ground, thereby receiving the injuries for which he sues.

In his charge to the jury the trial judge, in commenting upon the case made by the defendant, instructed them that, even if they believed the accident to have occurred in the way testified to by the defendant's witnesses, they would, nevertheless, have a right to find a verdict for the plaintiff, if they concluded that the defendant was guilty of negligence.

This instruction was erroneous. In the first place, there was nothing in the operation of the car, if the testimony submitted on the part of the defendant was true, upon which the conclusion that it was negligent could be rested. If the car was in motion when the plaintiff first evinced by his action an intention to take passage upon it, the mere fact that it continued to move while the plaintiff was making his attempt is not, of itself, any evidence of the defendant's negligence. Moreover, although it cannot be said, as a matter of law, that a person who attempts to board a trolley car while it is in motion is negligent, yet when the fact that the car is in motion is the sole producing cause of the injury, the risk of its occurrence is one which the person making the attempt must be held to have assumed.

In the second place, it is a cardinal rule, for the control of a trial court, that only those questions which are within the issues raised by the pleadings should be submitted to the jury, and a failure to observe this rule is legal error.

*Excelsior Electric Co.* v. *Sweet,* 30 *Vroom.* 441. The issue presented by the pleadings for the determination of the jury in the present case was whether the defendant had caused the plaintiff's injury by negligently starting the car while he was in the act of getting upon it. This was the claim which was set up by the plaintiff in his declaration, and denied by the defendant in its plea, and which the plaintiff was bound to establish by proof in order to entitle him to a verdict. If, at the trial, he had abandoned this position, and attempted to show that his injury was due to an entirely different cause—for instance, the defective condition of the step upon the car—he, of course, would not have been permitted to do so, for it is elementary law that a plaintiff cannot recover for a cause of action other than that set out in his declaration. And this principle is equally applicable when dealing with the case made by the defendant in contradicting the plaintiff's claim. The defendant is only required to prove that he was not guilty of the negligent act charged against him in the declaration. When he does this by showing that the accident which produced the plaintiff's injury was due to a cause entirely different from that alleged by the latter, he has relieved himself from responsibility, so far as the action then being tried is concerned. To compel him to go further and disprove responsibility for the existence of that cause, is to require him to meet an issue which the case does not present.

The judgment under review should be reversed.