JOHN DUEL, RESPONDENT, v. MANSFIELD PLUMBING COMPANY, APPELLANT.

Argued June 25, 1914—Decided November 16, 1914.

1. A licensee upon lands must use reasonable care not to injure other licensees upon the same premises.
2. It is error for a trial court to submit to the jury as dispositive of the case a question that was not within the issue presented by the pleadings and tried by the parties.

On appeal from the Supreme Court.

For the appellant, *Louis A. Cowley.*

For the respondent, *Lefferts & Lefferts.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff below, an infant, who sued by his next friend, recovered a judgment for damages for injuries received by him from the fall of a flagstone that had been rested against a fence in the front yard of premises on which the defendant was laying a sewer connection. The premises were occupied as a dwelling by the grandmother of the plaintiff, at whose home the plaintiff was a constant visitor. Between the porch of the house and the front fence there was a pathway that led from a front gate to the porch. Against this fence near this gate and close to the path the defendant's servants leaned a large flagstone that they had removed from the pathway.

The accident to the plaintiff occurred as he was running along the path to meet his uncle who was coming in at the gate, the opening or shutting of which jarred the fence, causing the flagstone to fall across the path inflicting the injuries for which the plaintiff recovered the judgment now before us. A motion for a nonsuit and for the direction of a verdict were based on the contention that the plaintiff was a mere licensee upon the premises to whom the duty of exercising reasonable care was not owed by the defendant. This contention was clearly erroneous. The duty of one licensee to use reasonable care not to injure other licensees is laid down by our cases under a variety of circumstances. *Guinn* v. *Delaware and Atlantic Telephone Co.,* 72 *N. J. L.* 276; *Meyer* v. *Benton,* 74 *Id.* 533; *Jansen* v. *Jersey City,* 61 *Id.* 243; *Travisano* v. *Stefanelli,* 84 *Id.* 767.

These cases illustrate the legal rule that was applicable to the issue presented by the pleadings and tried by the parties and justified the denial of the motions to take the case from the jury.

When, however, the trial court submitted the case to the jury, he did not instruct them in accordance with the rule that was thus applicable to the issue and to the relation that existed between the parties to the suit, but, on the contrary, laid down a rule that is applicable only where the defendant is an owner or occupier of premises who has invited the plaintiff to come upon the land.

This is what was said in the charge: "If you find that this defendant company did no negligent act causing the injury, your verdict then should be for the defendant. If you find that it did, then you apply this rule, as expressed by the Court of Errors and Appeals of this state, which is laid down as the law of the state for the guidance of the citizens of the state and to be applied by the trial courts in the trial of cases and for a jury's guidance. Said the Court of Errors and Appeals:

" 'That the owner or occupier'—and for the purposes of this case the defendant here, the Mansfield Plumbing Company, was the occupier of these premises where the injury occurred—'that the owner or occupier of lands who, by invitation, expressed or implied, induces persons to come upon the premises for any purpose, is under a duty to exercise ordinary care to render the premises reasonably safe for such purposes, or, at least, to abstain from any act that will make the entry upon or use of the premises dangerous.'

"If you find the evidence does not satisfy your minds that this defendant company rendered these premises unsafe by the lack of ordinary care in the place in which it put that stone, then, of course, your verdict should be for the defendant. If, on the other hand, you find that this defendant company, under that rule that is given to you, failed to exercise ordinary care, and the failure of that care, the thing that it did, was the proximate cause of this injury, the falling of the stone, then you may render a verdict in favor of the plaintiff."

The language quoted by the trial court is that of the syllabus to the case of *Phillips* v. *Library Company, 55 N. J. L.*

307, and, while sound as an abstract legal proposition, was entirely without application to the case in hand, which concerned the duty of one licensee towards another, and in no way involved the duty of the owner of the land or that of an occupier arising out of his invitation, since there was no suggestion in the pleadings or proofs that the defendant had invited the plaintiff to come upon the premises.

The charge therefore submitted to the jury as dispositive of the case an issue not within the pleadings, to which the evidence had not been directed and as to which there was no evidence.

It may well be that the mere noting of an exception to the language of the charge would have challenged only the soundness of the legal rule enunciated and would not have directed the court's attention to the false issue presented to the jury. In the present case, however, counsel for the defendant expressly directed the court's attention to the specific ground of his exception in the following language: "I wish to record an objection to that part of your honor's charge in which you said that the owner or occupier of lands, and for the purposes of this case the Mansfield Plumbing Company, may be considered the occupier of the lands, who, by invitation, &c., invites a person to come upon his premises is charged with a duty of making those premises reasonably safe.

"I feel that that part of the charge does not apply to the facts in this case, and that the law as cited by your honor is not the law which should guide the jury in their decision."

This exception drew attention to a legal error in the charge that requires the reversal of the judgment under a well-established rule that is thus stated by Chief Justice Gummere in *Murphy* v. *North Jersey Street Railway Co.*, 71 *N. J. L.* 5: "It is a cardinal rule (for the control of a trial court) that only those questions which are within the issues raised by the pleadings should be submitted to the jury, and a failure to observe this rule is legal error." To the same effect are: *Martinez* v. *Runkle*, 57 *N. J. L.* 111; *Excelsior Company* v. *Sweet*, 59 *Id.* 441; *Partridge* v. *Woodland Steamboat Co.*, 66 *Id.* 290.

This error in the charge injuriously affected a substantial right of the appellant which was to have the case against it disposed of upon the issue that had been framed and tried.

The judgment of the Supreme Court is reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WILLIAMS, JJ. 12.