ALVIN H. PERLEY *vs*. EDWIN McGRAY AND WALTER HUBBARD, Tr.

Penobscot.   Opinion November 18, 1916.

*Actions on account annexed and accounts stated. Rule of law as to presumption when evidence shows that a letter properly addressed has been mailed. Rule of law where debtor has received certain letters, or statements, showing a balance owed by him.*

1.   Where the plaintiff declares in account annexed for a balance due according to bill rendered on account of groceries and other supplies furnished defendant by plaintiff from goods in his store and defendant, having neither demurred nor asked a bill of particulars, pleads the general issue which is joined, the existence of the balance declared upon is the only issue raised.

2.   Testimony of plaintiff and his common law assignee that statements of account were mailed to all debtors of plaintiff at or about a certain date and the fact that a few days later defendant delivered to the assignee goods, which were included in the account against defendant, justifies the finding as matter of fact that the statement was mailed by the assignee to defendant and received by the latter.

3.   The original books of account having been destroyed by fire, a book made by the assignee containing balances of all of the accounts of plaintiff is admissible to show the amount of the balance of the account of defendant at the time of the assignment.

4.   The defendant having made no reply to the account mailed to him by the assignee, his silence not being satisfactorily explained, is under the circumstances of this case an admission that the balance shown by the statement is correct.

Action of assumpsit upon an account annexed. Defendant pleaded general issue, and at the conclusion of testimony case was

reported to Law Court upon certain agreed stipulations. Judgment for plaintiff.

Case stated in opinion.

*A. L. Thayer, and George H. Worster,* for plaintiff.

*Gillin & Gillin* for defendant.

SITTING: SAVAGE, C. J., CORISH, KING, BIRD, HALEY, PHILBROOK, JJ.

BIRD, J. This is an action of assumpsit upon an account annexed to recover the sum of three hundred twenty-six dollars and fifty-two cents. The account annexed is,

BANGOR, MAINE, July 26, 1915.

EDWIN MCGRAY

To ALVIN H. PERLEY, DR.

1910.

July 1.    Balance due according to bills rendered on account
            of Groceries and other supplies furnished the
            said Edwin McGray by the said Perley from
            the stock of goods belonging to the said Perley
            in a store conducted by the said Perley in
            Charleston, Me. ........................ $251 17
            Int. to date of writ........................ 75 35

            Total ................................ $326 52

Upon the account annexed, below the account, is the following statement: "A more particular account annexed cannot be furnished because the books of original entry in which all the items of this account were kept were burned in a fire which destroyed the store and books in August, 1911."

To the declaration the defendant pleaded the general issue and upon the conclusion of the evidence the case was reported to the Law Court upon the following stipulation:

"In the above entitled cause, the case is referred to the Law Court for decision on so much of the evidence as is admissible, the writ and pleadings to be made a part of the report. If the evidence offered by the plaintiff is admissible under the count annexed to the writ, then the court is to give such judgment either

for the plaintiff or the defendant as the evidence warrants. If the evidence offered by the plaintiff is not admissible under the declaration in the plaintiff's writ then a non-suit is to be ordered.

"It is distinctly understood in sending the case forward on report that the defendant waives no rights as to the admissibility of evidence, and the defendant objects to the admission of any evidence which shows an account stated or any settlement or agreement of settlement betwixt the parties and to any and all other evidence offered by the plaintiff.

"It is admitted that on September 30, 1910, Alvin H. Perley, the plaintiff, made a common law assignment for the benefit of his creditors to James H. Webster of all of said Alvin H. Perley's book accounts and other property not exempt from attachment and that on the 4th day of March, 1911, said James H. Webster reassigned to said Alvin H. Perley all of said book accounts except such as had been collected by said James H. Webster."

The plaintiff contends that there may be a recovery on an account stated under a declaration on an account annexed and relies upon *Goodrich* v. *Coffin,* 83 Maine, 324. But in that case the declaration, although in form account annexed, alleged an account stated. *Milliken* v. *Waldron,* 89 Maine, 394, and *Page* v. *Babbit,* 21 N. H., 389, also referred to by plaintiff, are not in point.

The declaration is undoubtedly demurrable. The defendant, however, did not demur nor ask a bill of particulars. Under his pleading, the existence of the balance of account declared upon, is the only issue raised, *Harrington* v. *Tuttle,* 64 Maine, 474, 476. See *Kingsley* v. *Delano,* 169 Mass., 285, 287.

Has plaintiff shown by a preponderance of admissible evidence that such balance was due him? It is in evidence and not denied, or else admitted, that the plaintiff prior to the tenth day of September, 1910 was, and for several years prior thereto had been, engaged in carrying on a general store in Charleston, Maine; that he kept regular books of account, whereon he duly entered all debits and credits of all customers; that upon them was an account against defendant; that on September 30, 1910, plaintiff made a common law assignment to one Webster, to whom his books of account were delivered; that Webster made a "ledger" of the accounts of plaintiff as shown upon the books of the plaintiff at the time

of the assignment; that this "ledger" contained the balances at the time of the assignment of all the accounts of the plaintiff; that among these accounts of the plaintiff was one against defendant, giving the balance as $318.73; that while the title to the accounts was in the assignee, defendant returned to him goods charged for in the account to the amount of $67.56; leaving a balance upon the "ledger" of the assignee of $251.17; that the assignee did not collect the balance of $251.17 alleged to be due from defendant, or any part of it; that in March, 1911, he reassigned the accounts uncollected to plaintiff and that in August, 1911, the original books of plaintiff were destroyed by fire.

There is evidence on the part of plaintiff and his assignee tending to prove that a statement, or copy of his account, as it appeared on the books of plaintiff, was mailed about October 1, 1910, by the assignee to each person against whom an account was found in the books and evidence of the plaintiff tending to show that prior to his assignment he gave to defendant, whenever he purchased goods on credit, a statement showing the previous balance and the items of the goods so purchased. The defendant denies the receipt of the statement alleged to have been sent him by the assignee, although he admits receiving a notice from him and substantially denies the receipt of the statements alleged by plaintiff to have been given him at the time of the purchases.

In view of the evidence of the plaintiff and his assignee that statements of account were mailed to all the debtors of plaintiff about the first of October and the fact that a few days later defendant, through his wife, delivered to the assignee goods of considerable value, which were included in the account, we think the court justified in finding, as a matter of fact, that the statement was mailed by the assignee to defendant and was received by him. *Ross* v. *Reynolds,* 112 Maine, 223, 225. See also *Dana* v. *Kemble,* 19 Pick., 112, 114; *Grunberg* v. *U. S.,* 145 Fed., (C. C. A. 1st circ.) 81, 97, 98; *Overlock* v. *Hall,* 81 Maine, 348, 350; *Turner's Ex'r* v. *Turner,* 98 Md., 22, 33;

The balance due from defendant was also satisfactorily proved, the original books being destroyed, by the production of the "ledger" of the assignee who testified that it contained a true copy of all the balances shown by the books of the plaintiff at the time

of the assignment. *Freeman* v. *Thayer,* 33 Maine, 76, 78; *Holmes* v. *Marden,* 12 Pick., 168; *Insurance Co.* v. *Weide,* 9 Wall, 677, 681. *Anchor Milling Co.* v. *Walsh,* 108 Mo., 277; 32 Am. St. Rep., 600; *Turner's Ex'r* v. *Turner,* 98 Md., 22, 33.

The defendant made no reply to the statement sent him by the assignee and denies that he ever discussed the amount of balance due either with the plaintiff or his assignee. His silence is not satisfactorily explained and under the circumstances of this case may be regarded as an admission that the statement of the amount of the balance was true. *Ross* v. *Reynolds,* 112 Maine, 223, 226; *Dennis* v. *Packing Co.,* 113 Maine, 159, 162.

Judgment may be entered for plaintiff for the sum of two hundred fifty-one dollars and seventeen cents and interest thereon from October 1, 1910, to the day of entry of judgment, to be calculated by the clerk on the entry of judgment.

*So Ordered.*