JOHN MAPHET, RESPONDENT, v. HUDSON AND MANHAT-
TAN RAILROAD COMPANY, APPELLANT.

Argued November 9, 1922—Decided March 5, 1923.

Proof that plaintiff's foot, as he was alighting from defendant's car
to the railway platform, came in contact with a small electrical
fuse which rolled under his foot and threw him to the platform,
resulting in an injury, without proof that defendant or its ser-
vants were responsible for its presence, or that it had been there
long enough to charge defendant with notice of it, coupled with
the fact that such fuses were purchasable by any one where elec-
trical supplies are sold, does not permit the inference that its
presence on the platform was due to the negligence of the defend-
ant for which an action will lie.

On appeal from the Hudson County Circuit Court.

Before Justices BERGEN and MINTURN.

For the appellant, *Collins & Corbin.*

For the respondent, *James A. Hamill.*

The opinion of the court was delivered by

BERGEN, J. This is an appeal from a judgment in favor
of the plaintiff, and the principal question raised is whether
the plaintiff's case was sufficient to justify the trial court in
refusing to direct a verdict for the defendant. The case was
submitted to the jury upon the question whether "Plaintiff's
injuries were caused by the negligence of the defendant in
dropping or placing the said fuse on the said platform." The
plaintiff proved that as he stepped from the car of the defend-
ant to its station platform his foot came in contact with a
fuse plug, an instrument about one inch in diameter and a
few inches in length, and being round, rolled under the foot
of plaintiff causing him to fall, resulting in the injuries sued
for; that such fuses were sometimes used by the servants of
the defendant to push a button which caused the car door

to open; that similar fuses were in general use by the company in their electrical department, and when no longer useful some were thrown on the tracks of the company by its servants, but not on the platform. From this evidence plaintiff insists that the jury had a right to infer that the particular fuse which caused the injury was dropped or placed on the platform by the defendant's servants. There was no proof of the length of time which this fuse had been on the platform, nor that the defendant's servants negligently dropped or placed it there. There was proof in the case, however, that these fuses were on sale at all stores selling electrical supplies. We do not think that the evidence justifies the inference that the defendant's servants negligently dropped or placed it on the platform. Negligence is never presumed but must always be proven. The only presumption of fact which the law recognizes is an immediate inference from the facts proved, and mere theories and inferences do not authorize a verdict, unless they are the only conclusions which can reasonably be drawn from the facts proven, and if a plaintiff is to succeed it is incumbent on him, in the absence of direct evidence, to show not only existence of such possible responsibility, but the existence of such circumstances as would justify the inference that the plaintiff's injury was caused by the negligent act of the defendant, and which would exclude the idea that it was a cause with which the defendant was not connected. *McCombe* v. *Public Service Railroad Co.*, 95 *N. J. L.* 187. These fuses can be purchased and carried by any passenger, and this one may have been dropped in some way with which the defendant was not connected, and manifestly under the evidence in this case it cannot be said that the fuse had been on the platform long enough to charge the defendant with knowledge that it was there. Where a plaintiff was injured by a piece of coal dropping from a bridge on a boat, in which he was sailing under the bridge, on which the defendants were running a train of coal cars, that, it was held, would not justify a verdict for the plaintiff. *Stumpf* v. *Delaware, Lackawanna and Western Railroad Co.*, 76 *Id.* 153. The same rule was applied in

*Chester* v. *Cape May Real Estate Co.*, 78 *Id.* 131; and also in *Rom* v. *Huber*, 93 *Id.* 360, where the plaintiff stepped on a piece of soap on the floor of a bath room where the servants of the defendant used soap in the performance of their duties.

There are a number of cases in this state which illustrate the doctrine that the mere possibility that a defendant may have been negligent is not enough. Under the proof in this case it is just as probable that this fuse might have been dropped on the platform of defendant's station by some person entirely disconnected with the defendant, as that the servants of the defendant did it, and in such case the plaintiff has not established the fact that the defendant was the guilty person. The doctrine of *res ipsa loquitur* does not apply, and the plaintiff does not claim that it does. The only fact which plaintiff proved was that the fuse was on the platform, but how it came there, who put it there, or how long it had been there was not proven. The plaintiff was bound to prove that the servants of the defendant negligently dropped or placed this fuse on the platform, which was the only question submitted to them by the trial court, and there was no evidence from which the jury could draw any such inference. We think the trial court should have directed a verdict for the defendant and therefore the judgment will be reversed.