About eight A.M., on June 15th, 1920, the plaintiff-respondent (hereinafter called the plaintiff), desiring to be transported from Jersey City to downtown New York, went to the Summit avenue station in Jersey City of the Hudson and Manhattan Railroad Company, the defendant-appellant (hereafter referred to as the defendant). The plaintiff paid her fare and walked to the station platform. A train having as its destination what is termed downtown New York pulled into the station and stopped. The plaintiff went to the rear door of the third car of the train and found it closed. She thereupon went towards the centre door of the same car, which was open. As she was entering the doorway the door without warning closed upon her, pinning her between the door and the door-jamb. She was injured. The car was of the usual type used on the railroad of the defendant. The doors open by air pressure. The air pressure for each door is controlled by a button. Buttons placed on the front platform of a car control the front door and the centre door of the car. Buttons placed on the rear platform control the rear door and centre door of the car.
The plaintiff brought suit in the Hudson County Circuit Court to recover damages for her injury. The allegation of the defendant's negligence in the complaint was stated in the following words: "That on the said 15th day of June. 1920, the said plaintiff became and was a passenger of said defendant, *Page 264 
and was attempting to board or get upon one of its cars in the said city of Jersey City, when the said defendant, by its servants negligently and carelessly, and without warning, closed the door where said plaintiff was attempting to board or get upon said train, with great force and violence, and thus caught the said plaintiff between the said door and the said car with great force and violence, by reason whereof the said plaintiff was greatly bruised, wounded and injured."
The only theory of negligence upon which a case can be submitted is the one alleged in the complaint. Murphy v.Railway Co., 71 N.J.L. 5. This principle of law was observed by the trial judge in the present case in his charge to the jury. A judgment was recovered by the plaintiff. The defendant has appealed to this court. The grounds of appeal relied upon in the argument made for the appellant are the failure of the trial court to either nonsuit the plaintiff or direct a verdict for the defendant. Both motions were made, refused and exceptions duly taken.
The plaintiff was a passenger. The defendant was a common carrier. A carrier is bound to use a high degree of care to protect a passenger from danger that foresight can anticipate.Rivers v. Railroad Co., 83 N.J.L. 513. At the close of the plaintiff's case the facts proven did not, in our opinion, warrant the granting of the motion to nonsuit. The presumption was that the centre door was opened by an employe of the defendant. The open door was an invitation to the plaintiff to enter the car. When the door was suddenly closed, catching the plaintiff, the presumption was that it was closed by an employe of the defendant. From these facts there arose a presumption of negligence on the part of the defendant It was such an accident that its mere happening charged the defendant with negligence and placed upon it the burden of showing that the plaintiff's injury was not due to any fault on its part. The doctrine of res ipsaloquiter applied. The motion to nonsuit was, we think, properly denied. *Page 265 
The appellant next contends that the trial court should have directed the jury to find a verdict in favor of the defendant. This contention is based upon what counsel for the defendant terms is undisputed evidence, that the closing of the door by which the plaintiff was injured was not the act of a servant of the defendant, but an unanticipated act of a third person. The testimony relied on by the defendant to sustain this contention was given by two employes. One, Eckley, was what is termed the fifth carman on the train, occupying the position at the front end of the third car from the rear of the train. As the train the plaintiff boarded was a five-car train, this placed Eckley at the front of the third car of the train, which was the car the plaintiff boarded. The centre door of this can could be opened and shut by Eckley. Eckley denied, however, opening or shutting the centre door. He further testified that there was no guard or trainman stationed on the rear platform of the third car.
Frasco, the other employe who testified, was a platform guard at the Summit avenue station. When the train which the plaintiff entered came in Frasco testified he was standing on the station platform near the stairs and about three feet from where Eckley was stationed on the train; that he saw the centre door of the centre car open and close; that he then ran to the rear of the car and saw a man fooling with a button; that he shouted to him and the man entered the car.
The defendant argues that this testimony is conclusive as to the centre door of the car in question not having been operated by its servant. The defendant seeks to support its argument by the recent case of Maphet v. Hudson and Manhattan RailroadCo., 98 N.J.L. 369, which holds that where evidence is equally consistent with the existence or nonexistence of negligence, the question of negligence vel non should not be left to the jury. In this case a passenger of the defendant railroad company stepped from a car to the station platform and fell by reason of stepping upon a fuse plug. It was shown that such fuse plugs were sometimes used by the defendant to push a button for the purpose of opening a door. It also appeared that the same fuses were *Page 266 
in common use by others. Under this state of the evidence it was held that the question of negligence should not have been left to the jury by the trial judge. This case, however, differs materially from the present case. In the Maphet case there was no evidence that the fuse plug, which occasioned the plaintiff's injury, was the property of the railroad company. In the present case the car door which caused the plaintiff's injury was the property of the defendant. The dispute arises over the operation of the door. It is conceded that Eckley was in a position on the front platform of the car where he could have operated the centre door. The plaintiff saw him upon the platform. Was the presumption that the door was opened and closed by the servant of the defendant entirely overcome by the testimony of Eckley and Frasco, so that it was error to have refused to grant the motion to direct a verdict, or was it a question for the jury to determine whether or not the testimony of these two witnesses overcame the presumption of negligent operation arising from the happening of the accident? We incline to the latter view. Eckley knew nothing of the alleged operation of the door by the stranger. Frasco was the only witness who gave testimony as to a stranger pressing a button on the rear platform of the car. Frasco does not testify unequivocally that the stranger pushed the button operating the centre door, although it might be so inferred from his testimony. On the other hand, the inference might be drawn that the door was opened by Eckley, notwithstanding his denial. The testimony of Frasco is not so clear and convincing that the act of a stranger caused the accident that, in our opinion, the trial court should have directed a verdict for the defendant. It seems most unusual for one, who is seeking to board a train in the short period of time afforded for doing so, to be examining and pressing buttons. The probability of the story told by Frasco, and whether or not it outweighed the presumption of the centre door being operated by an employe, were questions for the determination of a jury. *Page 267 
This case is before us on appeal and not upon a rule to show cause, so we must deal, not with the weight of the evidence, but whether there was any evidence of the door being negligently operated by a servant of the defendant company. If there was such evidence, as we think there was, then it was proper to submit the case to the jury, as the trial court did.
The judgment of the Circuit Court is affirmed, with costs.