## JAMES C. GOFF CO. *vs.* AMOS F. LUNN.

### JUNE 24, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Trial.   Books of Account.   Delivery.   Admissions.*

In an action for goods sold and delivered, plaintiff's books showing goods shipped to a third party and charged to defendant, were properly admitted in evidence as well as statements sent to defendant and produced by him at the trial, which showed the same shipments and charges, such statements being copies of plaintiff's books; where the evidence was supplemented by testimony that bookkeeper of defendant admitted in presence of defendant that defendant's accounts agreed with the plaintiff's and testimony that defendant admitted the correctness of plaintiff's accounts, such admissions being evidence of delivery to the defendant or to his order.

*(2)   Trial.   Implied Admissions.   Delivery.   Sales.*

Where defendant was doing business with plaintiff and received statements of account showing goods delivered to a third party and charged to defendant, without objection on part of defendant and twice paid money on account, his silence and acquiescence is an implied admission of the correctness of the account.

*(3)   Books of Account.   Prima Facie Case.   Goods Delivered to third Party.*

Where books of account show that goods were delivered to one person and charged to another the books alone do not make a *prima facie* case that the person against whom the charge was made is indebted for the goods.

ASSUMPSIT.   Heard on exceptions of defendant.   Exception sustained.

RATHBUN, J.   This is an action in assumpsit to recover the price of building materials.   The trial in the Superior Court resulted in a verdict for plaintiff for $1,161.29.   The trial justice denied the defendant's motion for a new trial and the case is before us on defendant's exceptions as follows:   (1) to the denial of said motion;   (2) to the admission of evidence;   (3) to the refusal to charge as requested and (4) to an instruction which was given to the jury.

The defendant admits that he ordered and received three of the bills of goods set out in the bill of particulars.   These were shipped to Milford, Mass., where they were apparently used by one P. J. Donahey in the construction of houses for the Draper Manufacturing Company.   These goods were

shipped in the name of Donahey but the defendant admits that he received them.   According to the plaintiff's books, other goods were shipped to Donahey at the same place and charged to the defendant.   Other goods which were charged to defendant were delivered to truck drivers who called for them at the plaintiff's place of business.   A person of the same name as the defendant's son, who is in the defendant's employ, receipted for some of these goods.   Truck drivers apparently in the employ of Donahey took away the remainder.   The defendant raises no question as to the price or as to the amount of goods which are the subject of this suit.   His contention is that he never authorized the plaintiff to deliver goods on the defendant's account to Donahey; that the defendant had no business dealings with Donahey and that defendant received none of the goods in question except said three shipments which were sent to Milford in the name of Donahey.

The plaintiff sent statements to the defendant of each of these shipments and deliveries to Donahey.   These statements were received by the defendant and were notice to him that the goods were charged to him and delivered to Donahey.   Mr. Kelley, the president and manager of the plaintiff corporation at the time of the transaction in question, having deceased before the time of the trial, the plaintiff was unable to prove what arrangements, if any, Kelley had made with the defendant relative to delivering goods to Donahey.   At the trial defendant was ordered by a *subpœna duces tecum* to produce his books showing his account with the plaintiff.   In response to the order the defendant produced the statements which the plaintiff had sent to him and two cancelled checks, which he had given in making payment to the plaintiff on account, and testified that he had no other papers or books relative to his business with the plaintiff.   One of the plaintiff's witnesses testified that he called at the defendant's place of business to get a settlement of the account;   that the bookkeeper of the defendant in his presence admitted that the defendant's

books agreed with the plaintiff's as to the amount due from the defendant to the plaintiff and that the defendant stated, as his reason for not paying the account, that he had not received his pay for the goods and that he was short of money.

The defendant testified that, at some time near the beginning of the transaction, he protested to Mr. Kelley about charging to the defendant goods which were delivered to Donahey but that he mentioned the matter only once.

(1) Over the defendant's objection the plaintiff's books, showing deliveries as above set forth and the charges made, were admitted in evidence, as were also the statements sent to the defendant and produced by him at the trial. The statements and the books were compared and it was found that the statements were a copy of the plaintiff's books. Several of the defendant's exceptions relate to the admission and use of the books and statements. We think the trial court did not err in this respect. The defendant contends that no authority was shown to charge defendant with goods delivered to another and hence that the books were inadmissible to show to whom deliveries were made or to whom credit was given. But the plaintiff produced testimony to the effect that the bookkeeper of the defendant admitted in his presence that the defendant's accounts agreed with the plaintiff's, and there was evidence that the defendant admitted the correctness of the plaintiff's accounts. These admissions are evidence of delivery to the defendant or to his order. There being proof of delivery and evidence showing regularity of bookkeeping, the books are admissible under the ordinary rule. We think that the statements were also admissible and that it was not error to compare the books with the statements for the purpose of showing that the statements correspond with the books.

The defendant was doing business with the plaintiff and the statements were statements of account rendered to him. Each one constituted a notice to him that the plaintiff was (2) charging to the defendant's account goods which were

delivered to another. Each mon hly statement gave to him notice of the amount which plaintiff demanded. A reasonable person under such circumstances would have sought an explanation as to why the goods were charged to his account. If a debtor regularly receives such statements from a person with whom he has business relations and an open account and waits for years without making complaint, it is some evidence at least that the statements are satisfactory to him. The defendant did testify that on one occasion at about the beginning of the transaction he objected to Mr. Kelley, but there was evidence that for a long time, even after Mr. Kelley's death, the defendant made no objection to the account when the plaintiff's officers were importuning him for money. He twice paid money on account without objecting to the plaintiff's charges. The check for the second payment was for $989.43. The defendant could offer no explanation as to why the check was made for the amount for which it was drawn, including odd cents, when the payment was merely on account. A witness for the plaintiff testified that the defendant at the time he gave the check, stated that he wanted to reduce the account to $1,000. It appears that this payment reduced the account to precisely $1,000. In *Olney* v. *Chadsey*, 7 R. I. 224, this court in holding that evidence of a similar nature was admissible as an implied admission said: "The evidence stands, in principle, upon the same footing with an account rendered, which, if not objected to within a reasonable time, is presumed to be admitted, and is treated as an account stated. It affords a presumption against the defendant, not indeed from his declaration, but from his silence and acquiescence."

It follows that the exception to the refusal to charge that the plaintiff could recover for no goods except the three shipments which the defendant admitted he received is without merit.

The defendant excepted to the following instruction to the jury: "So in this case where the books are shown to be

(3) regularly and carefully kept, in the ordinary and usual course of business, and the account appears from these books to be made in a businesslike manner, the law says upon the presentation of such an account the plaintiff has made out a *prima facie* case and the burden is thereupon thrown upon the person charged to show discrepencies in the account or non-delivery or any other excuse that he may have."

We think the instruction was erroneous. The trial justice overlooked the fact that the books showed that a delivery of some of the goods, other than those which defendant admitted receiving, were delivered not to the defendant but to Donahey. When books of account show that goods were delivered to one person and charged to another the books alone do not make a *prima facie* case that the person against whom the charge was made is indebted for the goods. *Churchill* v. *Hebden*, 32 R. I. 34; 2 Enc. of Ev. 265, 266.

The defendant's thirty-fourth exception is sustained, the other exceptions are overruled and the case is remitted to the Superior Court for a new trial.

*Gardner, Moss & Haslam*, for plaintiff.
*Greene, Kennedy & Greene*, for defendant.