GEORGE TOOKER AND JOHN C. NELSON, PARTNERS, TRADING AS TOOKER & NELSON, RESPONDENTS, v. JOHN LONKY AND NATHAN ROSENCHEIN, PARTNERS, TRADING AS LONKY & ROSENCHEIN, AND LUDWIG WOLFF, APPELLANTS.

FRANK JACOBS AND WILLIAM MORROW, TRADING AS JACOBS & MORROW, RESPONDENTS, v. JOHN LONKY AND NATHAN ROSENCHEIN, PARTNERS, TRADING AS LONKY & ROSENCHEIN, AND LUDWIG WOLFF, APPELLANTS.

Submitted June 1, 1929—Decided October 14. 1929.

For the appellants, *Thomas Brown.*

For the respondents, *John A. Delaney (Henry K. Golenbock,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. These are appeals by the defendants below from judgments entered upon verdicts for the plaintiffs in two cases tried below and argued here together.

The plaintiffs were respectively tenants and occupants of a partly frame and partly concrete building in Perth Amboy, owned by one Wilentz.

The adjoining property was owned by the defendant Wolff, but as to him a nonsuit was entered by consent.

Wolff was about to erect a new building on his lot and made a contract with Lonky & Rosenchein (hereinafter called the defendants) for the whole job. Defendants orally sublet the excavation work to one Mathiason, concededly a competent excavator. He dug a trench about three feet deep in depth,

along the Wilentz line, and after a rain storm part of the concrete block wall of the Wilentz building, in which plaintiffs were tenants, collapsed, and the plaintiffs respectively sustained injury to their personal property for which they brought these suits resulting in judgments for the plaintiffs.

The defendants first contend that the trial judge erroneously refused a motion to nonsuit based on the ground that defendants were not negligent and that the contractor who actually did the digging was alone liable.

There is no merit whatever in this point. The complaints charged that defendants, in excavating on the adjoining property, negligently excavated below the level of the foundation wall of the property occupied by the plaintiffs, so that the wall fell and resulted in injury to plaintiffs' property in the building. The complaints also expressly charged a distinct act of trespass by defendants on the Wilentz property, and certainly if that charge of trespass is supported by evidence, the motion to nonsuit was properly denied. We think it was supported by evidence. The witness Booz testified that "the trench was seven inches over on Mr. Wilentz's property."

In this connection the defendants contend that the independent contractor employed by them, who actually did the digging, is alone liable. But an independent contractor is liable in exoneration of the employer only for defects in doing the work, and not for defects in the design or plan. *Church Holy Com.* v. *Paterson, &c., Railroad Co.,* 68 *N. J. L.* 399. Here there was evidence to the effect that the defendants established the line which was to guide the subcontractor, and also assisted in placing the stakes. And upon the whole we think that the evidence justified the conclusion, if the jury saw fit to draw it, that the execution of the design or plan of the excavation which was furnished by the defendants, and which the sub-contractors followed, was the proximate cause of the injury complained of.

There is another good reason for the refusal to nonsuit. The complaints, of course, contained an allegation of want of due care in doing the work. Excavation by an owner on

his own land, adjoining another's building, causing damage, without his knowledge or previous notice to him, is evidence of want of due care in doing the work. *Schultz* v. *Byers, 53 N. J. L.* 442. The evidence tended to show, and the jury was justified in finding if they saw fit, that the defendants· reserved to themselves and assumed the duty and obligation of giving such notice, and that the owner of the land occupied by the plaintiffs had no such notice or knowledge. See *Newman* v. *Pasternack, 103 N. J. L.* 434.

It is next contended that the trial judge erred in "allowing the question" put to one of the plaintiffs: "What was the market value of a machine similar to that [one alleged to have been destroyed] in March, 1925?"

But this question was not of itself prejudicial and since it was not answered will not lead to a reversal.

It is next urged that the judgment should be reversed because the trial judge allowed to be answered a question put by the plaintiffs' counsel to the witness Wilentz on redirect examination.

Not so. The answer of the witness was a mere repetition of his statement on cross-examination, and we believe was not prejudicial to the defendants.

It is next urged that the trial judge erred in his instruction with respect to damages for interruption of plaintiffs' use of the premises. The charge was "in no event could the jury consider [interruption of use] for a period of more than a month." The only objection seems to be that there was no evidence of the precise character of the plaintiffs' tenancy. If wrong, the charge was not prejudicial to the defendants, since the evidence tended to show a deprivation of the use for a longer period. At the worst for the plaintiffs they were either tenants at will or at sufferance, and so were entitled to notice to quit (*Standard Realty Co.* v. *Gates, 99 N. J. Eq.* 271), and the only reasonable inference from the testimony was that such notice had not been given.

The only other objections to the charge will be considered in dealing with the refusal to charge as requested.

We come now to the refusals to charge the requests, twenty-six in all.

We find none the refusal of which will justify a reversal.

The sixth, eighth, twenty-first and twenty-third have been abandoned.

The first, second, third, fourth, fifth, seventh, ninth, tenth, thirteenth and twenty-fourth were covered in substance and effect by the instructions already given, and were therefore properly refused. *Hintz* v. *Roberts,* 98 *N. J. L.* 768.

The eleventh and twelfth requests were in effect for an instruction that if plaintiffs had knowledge that excavation work was being carried on, such knowledge was as effective as notice to the owner, and there could be no recovery.

We think these requests are unsound in law. Certainly *mere knowledge* by the tenant *that excavation work was being done* on adjoining property will not defeat his recovery for injury to his personal property resulting from the collapse of the wall of the property occupied by such tenant, caused by digging a trench along the property line. The defendants rely upon the case of *Schultz* v. *Byers,* 53 *N. J. L.* 442; but that case does not support their position. In that case the court, after saying that "notice may be only such as is reasonable under the circumstances, either to the owner of the property, or if there be difficulty in finding or serving it on him, then it may be given to the tenant or occupant who is interested in protecting the property," then added this significant language: "Where it can be shown that *such owner had knowledge of the improvement that was to be made, it would not be necessary to prove a formal notice given to him.*" It will be seen that in discussing notice the court considered notice to the *tenant.* When it discussed *knowledge* it omitted the word tenant, and the plain inference therefrom is that mere knowledge by the tenant is not necessarily as effective as notice to the owner.

The fourteenth request was properly refused because it assumed a material and controverted fact. *Cavanagh* v. *Ridgefield,* 94 *N. J. L.* 148.

The fifteenth, eighteenth, nineteenth, twentieth and twenty-second requests were properly refused because they were inappropriate to any question of fact involved in the case. *State* v. *Pitman,* 98 *N. J. L.* 626.

The sixteenth and seventeenth requests were properly refused for the reason given in the consideration of the eleventh and twelfth.

The twenty-fifth request was properly refused for the reason that it sought an instruction limiting plaintiffs' recovery to nominal damages because as to one element of damages the proof "failed" (as the request put it), although as to other elements of damages the proof was ample.

The twenty-sixth request has been disposed of, in effect, dealing with the charge of the court.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.