FENNING, DORNBUSCH AND COMPANY, A CORPORATION, RESPONDENT, v. MORRIS H. GREENFIELD, APPELLANT.

Argued May 26, 1930—Decided February 2, 1931.

For the appellant, *Philip J. Schotland.*

For the respondent, *Walter J. Bilder.*

The opinion of the court was delivered by

PARKER, J. The suit was for the balance claimed by plaintiff corporation to be due it as the result of a series of stock transactions between the parties. Plaintiff is a dealer in corporate stock—defendant-appellant was a customer. No stock was ever delivered into the physical possession of defendant, no payment on account was made, except in one instance presently to be noted; and there was no writing signed by the defendant, although the amount involved was in each of the three cases over $500. *Comp. Stat., p.* 4648, § 4. This provision of the Sales act, altered from the statute of frauds, was pleaded and relied on at the trial. Plaintiff claimed constructive delivery and acceptance as having

taken place, in that defendant requested plaintiff "to keep the stock for him." Later on, according to plaintiff's claim, defendant "resold" all the stock, except fifty shares, to plaintiff by several transactions on different dates and at lower prices, leaving a deficit for which the suit was brought. The fifty shares were delivered by plaintiff, pursuant to defendant's instructions, to a third party to whom the defendant had agreed to sell them, and plaintiff collected the proceeds and credited the same to defendant's account. All the stock was endorsed for transfer in blank but throughout the proceedings it remained in plaintiff's safe deposit box, except the fifty shares.

The trial judge denied a general motion to nonsuit, and also to direct a verdict for defendant, and on the point of constructive delivery instructed the jury as follows:

("Notwithstanding the fact that there was no actual manual delivery of this stock to the defendant, it is insisted that there was a constructive. delivery to him of the stock, and that is permissible.) Where there is an offer of delivery, or where an offer of delivery is refused, and the person being charged with the delivery of the stock is told to retain that stock for the order of the person to whom it is sold, there has then become a constructive delivery of that stock, and the person who is ordered to hold it becomes the bailee or agent of the purchaser of the stock. That is exactly what the plaintiff claims there was in this case—while there was not an actual delivery of the stock, it is claimed that the stock was at all times in shape for delivery; that at the time the stock was sold to the defendant, the defendant directed the plaintiff to hold the stock, and thereafter the plaintiff did continue to hold the stock, subject to the defendant's order, until it was actually sold.

"Now, if you believe, from the evidence in this case—that is, the greater weight of the evidence in this case, because the burden of proof is upon the plaintiff to show by the greater weight of the evidence—that there was a constructive delivery by the plaintiff to the defendant of this stock, and that the defendant by what he said at that time constituted

the plaintiff his bailee, his agent, for the purpose of holding that stock subject to his order—if you believe that that is shown by the greater weight of the evidence in this case, then this case is taken out of the statute of frauds, and the mere fact that there was no order in writing for this stock does not prevent the plaintiff in this case from recovering the value of that stock, or the difference between the charge of the stock to the defendant and what the plaintiff realized upon it, if it was an order to sell."

The four grounds of appeal argued are:

1, 2. Refusal to take the case from the jury.

3. Charging the jury as above quoted (omitting, however, the first sentence, which is bracketed).

4. Admitting in evidence written memoranda of the sales to defendant and repurchases from him, mailed by plaintiff to defendant but, of course, not signed by him, and to which, as the jury might find, he paid no attention.

The attack on the refusal to take the case from the jury is based on the same theory as that upon the charge, viz., that there was no constructive delivery shown by the facts put in evidence, and that words alone, without acts of ownership in a case like this, will not take the case out of the statute. There are weighty authorities holding that words alone are not enough. 27 *C. J.* 247, 248; *Denny* v. *Williams,* 5 *Allen* (*Mass.*) 1; *Benj. Sales, Corbin's Notes,* § 182; *Finney* v. *Apgar,* 31 *N. J. L.* 266. But the motions to nonsuit and direct were general in character, and we consider that there was no error in denying them in that form, because defendant, if the testimony for plaintiff were believed, had clearly exercised ownership over the second block of stock "sold" to him by directing delivery by plaintiffs of part of it, viz., fifty shares, to a purchaser from himself, and by the fact of such delivery. *Browne Statute of Frauds,* §§ 322 *et seq.; Finney* v. *Apgar, supra.*

This was sufficient, therefore, to justify a refusal of the motions as made.

As to the charge itself, we find it unnecessary to pass upon the point as argued, because the exception to it is not specific,

and the ground of appeal, embracing nearly an entire page of the printed case, is too broad. If there is anything questionable in the instructions quoted, it is the inferable proposition that words without more would work a constructive delivery. But the instructions assigned for error embrace more than this, and bring the ground of appeal within the rule stated by this court in *Drummond* v. *Hughes,* 91 *N J. L.* 563, 564. Moreover, the exception is vague, and could not fairly point out to the trial judge what proposition of his charge was criticised. It is as follows: "I desire to note an exception to that portion of your honor's charge dealing with what you said about 'constructive delivery.'" The passage assigned does not even include all that was said on that subject for the first sentence, omitted from the ground of appeal, was as follows: "notwithstanding the fact that there was no actual manual delivery of this stock to the defendant, it is insisted that there was a constructive delivery to him of the stock, and that is permissible." This is obviously correct—but the exception is as applicable to it as to any part of the page-long passage following, and is very similar to that discussed in *Addis* v. *Rushmore,* 74 *N. J. L.* 649, 651; to that in *Benz* v. *Central Railroad Co.,* 82 *Id.* 197, 198; to that in *Thibodeau* v. *Hamley,* 95 *Id.* 180, foot of page 183; and to that in *Goldfarb* v. *Phillipsburg Transit Co.,* 103 *Id.* 690, 692; and to that in *Stathos* v. *Bunevich, ante, p.* 269, and just decided, in which the exception was to "that portion of the charge in which the court refers to the duty of the landlord to keep illuminated the halls and stairways in the wards therein."

The reason for requiring specific exception is most admirably stated by the late Mr. Justice Garrison in the Benz case, *supra,* on pages 198 and 199, and need not be restated here.

Finally, as to the admission of the group of formal notices called *Exhibit P*-4. The papers in question were similar to brokers' bought and sold notes, except that instead of stating purchases and sales for account of the customer in the market, they purport to state direct transactions between the plaintiff and the defendant, and read "we have bought

from Mr. M. Greenfield" or "we have sold to Mr. M. Greenfield," as the case may be. In this aspect they are in effect invoices, or bills rendered, or credit slips. The position taken by appellant is that they are in effect letters, and that in cosequence, under the rule in *Hand* v. *Howell,* 61 *N. J. L.* 142, and *State* v. *MacFarland,* 83 *Id.* 474, they have no evidential force against the defendant, even though he made no answer to them but permitted them to pass in silence.

The plaintiff's books of account were offered, but the court excluded them on the ground that the suit was not based on a book account according to the pleadings. With this ruling we are not now concerned, as it is not brought before us. Assuming its correctness, the case nevertheless shows that the bookkeeper was permitted to use the books to refresh his memory as to the items, and that these, so far as testified to, agreed with the memoranda constituting *Exhibit P-4.*

The ruling in the two cases just cited does not, in our opinion, apply to papers which are properly classified as "accounts rendered." These seem to be an exception to the general rule, and with respect to them the failure to dispute them, after the lapse of a reasonable time, amounts to an admission of their correctness. *Wigm. Ev.,* § 1073; 22 *C. J.* 327, 328; *Perley* v. *McGray (Me.),* 99 *Atl. Rep.* 39; 115 *Me.* 398; *Goff Co.* v. *Lunn,* 137 *Atl. Rep.* 879; 48 *R. I.* 416. The weight and sufficiency of such evidence may be comparatively slight, but its competency, is, we think, established by adequate authority. We conclude, therefore, on this point, that there was no error in admitting the papers in question.

No prejudicial error being properly laid before us, the judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, DALY, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 10.

*For reversal*—CASE, BODINE, KAYS, JJ. 3.