AGNES STATHOS AND JAMES STATHOS, RESPONDENTS, v. MORRIS BUNEVICH AND SAMUEL A. JAFFE, APPELLANTS.

Submitted May 31, 1930—Decided February 2, 1931.

For the respondents, *Milton M. Richmond* (*Alexander M. MacLeod,* of counsel).

For the appellants, *Cohen & Klein.*

The opinion of the court was delivered by

TRENCHARD, J.   The defendants below, and appellants here, were the owners of an apartment house in Passaic occupied by two families.   Access to the apartments was by common halls and stairways.   The plaintiff James Stathos rented and occupied with his family the second floor apartment.   On January 22, 1929, at nine-thirty P. M., the plaintiff Agnes Stathos, the wife of the tenant, fell down the stairway, and suffered injuries as a result thereof, on account of which she and her husband seek compensation in this suit. There was a verdict in favor of both plaintiffs, and from the consequent judgment the defendants appeal.

It is first urged that the trial judge erred in refusing to-
grant a motion for a nonsuit and a motion for a direction of
a verdict for the defendants.

We think not. The defendants contend that the motions-
should have been granted because there was no evidence of
a contractual relationship between the defendants and the
plaintiff Agnes Stathos. But that contention ignores the-
fundamental ground of the complaint and the evidence by
which it was supported at the trial. The gravamen of the
plaintiffs' complaint was that the defendants had assumed to-
light the stairs and failed in the performance of that duty,.
and the question of negligence of the defendants in that re-
spect was submitted to the jury.

This apartment house was not a "tenement house" within
the meaning of the statutory definition. Chapter 337, laws-
of 1927. This is therefore not a case of a breach of duty
imposed by the statute to keep a light burning in the hall-
way at certain hours such as *Pesin* v. *Jugovich,* 85 *N. J. L.*
256; nor is it strictly a case of the breach of a duty which
the landlord owes to his tenants to take reasonable care to
have common halls and stairways reasonably fit for use for
the passage of the tenants and their visitors, of which *Gill-
von* v. *Reilly,* 50 *Id.* 26, is an example. As pointed out in
*Gleason* v. *Boehm,* 58 *Id.* 475, while the landlord is required
to take reasonable care to have the common halls and stair-
ways reasonably fit for use for the passage of the tenants, he
is under no obligation to furnish means for their safe use,.
and is therefore under no duty (unless assumed by contract)
to furnish a light, although such light may be necessary for
safe use. Incidentally in that case it was said: "The land-
lord doubtless may, and probably usually does, assume the
duty of providing necessary light in such cases by contract
with his tenants. There was evidence that defendant had
usually provided a light in the lower hall and had employed
a person to light it. Upon this evidence the court might have
been requested to direct the jury to determine whether an
implied contract to maintain such light, at least until notice
of its discontinuance had been given, might not be inferred

and a corresponding duty to maintain it. But no such request was made and we cannot consider now, whether, if made, it could have been properly granted." The underlying principle of the question there stated, but not decided, was invoked in *Rhodes* v. *Fuller Land and Improvement Co.,* 92 *Id.* 569. Then and there we held that if a landlord of an apartment house assumes the duty of providing and maintaining a light upon the common stairway, it continues thereafter to be his duty to exercise reasonable care to maintain a light there until notice of its discontinuance has been given, and failure to perform such duty is negligence for which the wife of a tenant who is injured because of such negligence, whilst herself in the exercise of due care, is entitled to recover. That rule is applicable to the present case and is a sufficient reason for denying the motions to nonsuit and to direct a verdict for the defendants which were rested upon the ground that there was no evidence of a contractual relationship between the landlord and the wife of the tenant. It was a sufficient reason because in the present case it was open to the jury to find from the evidence, if they saw fit, that the defendants at the request of the tenant, assumed the duty of providing and maintaining a light on those stairs in the night time, and in fact for a time maintained such light, but thereafter discontinued it without notice to the plaintiff of their intention so to do, and that such negligence was the proximate cause of the injury to the tenant's wife. The evidence tends to show that, not only was no notice of intention to discontinue given, but upon the landlord's attention being called to the failure of his janitor to keep the lights lit, he promised "to fix it" and failed so to do for an unreasonable time.

The next point concerns an alleged error in the charge. The defendants took only a general exception to a portion of the charge which embraced several distinct and independent legal propositions. While error is assigned upon the entire portion of the charge excepted to, yet it is here contended that only one of the several propositions was erroneous. In this situation the alleged error will not be con-

sidered. The rule is that a general exception to a charge or a part of a charge containing several distinct and separate legal propositions will not be available. The reason for the rule and the course of decision by which it is supported is stated at some length in *Mittelsdorfer* v. *West Jersey, &c., Railroad Co.,* 77 *N. J. L.* 702.

Lastly grounds of appeal numbers 9 to 19 inclusive, are argued. They are all in the same form, and only one of which need be quoted. It is this: "The trial court erred in refusing to charge the jury defendants' third request to charge."

These we have not considered. They are plainly in violation of the rule (which Mr. Justice Parker, for this court, took pains to lay down in *State* v. *Blaine,* 104 *N. J. L.* 325), that grounds of appeal relating to refused requests to charge should embody the actual language of the requests, and mere references to them by numbers are irregular and insufficient. The reason for the rule is pointed out in the Blaine case.

The judgment below is affirmed, with costs.

*For affirmance*—The Chief Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 14.

*For reversal*—None.