LOUIS S. GIMBEL, Jr., PLAINTIFF-APPELLANT, v. LAIRD & COMPANY, DEFENDANT-RESPONDENT.

Argued May 18, 1937—Decided October 29, 1937.

For the plaintiff-appellant, *George W. C. McCarter.*

For the defendant-respondent, *Applegate, Stevens, Foster & Reussille.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff appeals from a judgment in favor of the defendant. The complaint alleged that at the special instance and request of the defendant, a corporation engaged in the distillation and sale of apple brandy, the plaintiff had performed services "in conjunction with the merchandising, advertising, publicity, sales promo-

tion and packaging of the defendant's product," and was therefore entitled to the reasonable value of the services rendered.

The defendant contended, at the trial, that the plaintiff's services were rendered with the distinct understanding that they were to be without compensation and that they were incidental to some financing for the defendant which the plaintiff's brokerage firm had undertaken, out of which the plaintiff expected to make a substantial profit.

The grounds of appeal are five in number, the complaint of the first four being that the trial court refused to entertain certain requests to charge offered by the plaintiff, and the fifth being an exception to the charge as given to the jury.

The first request which the appellant says the court erroneously refused to charge is as follows:

"When one performs services for another at such other's request, and no price for such work is agreed on, the law ordinarily implies a promise to pay the reasonable value of the services."

As an abstract proposition of law, this statement is undoubtedly sound. It is asserted by text-writers again and again. 15 *Am. & Eng. Encycl.* (*2d ed.*) 1081. A perusal of the court's charge discloses that this legal proposition was charged not once but twice. Towards the end of the charge the principle is couched in words almost identical with the language of the request. It was not error therefore to refuse to charge instructions covered by the instructions given. *Hintz* v. *Roberts,* 98 *N. J. L.* 768; 121 *Atl. Rep.* 711; *Tooker* v. *Lonky,* 106 *N. J. L.* 110; 147 *Atl. Rep.* 445.

The second request to charge, the rejection of which is cited as error, reads:

"2. If you find that the defendant, Laird & Company, requested the plaintiff, Mr. Gimbel, to perform the services mentioned in Gimbel's complaint, then the burden is on the defendant to go forward with evidence that Gimbel agreed with Laird & Company to do such work without monetary compensation payable by Laird & Company."

The defendant argues that the request was legally incorrect; that the defendant had not the "burden," but rather the "duty" to go forward with its evidence in support of its defense or suffer judgment. *Kresse* v. *Metropolitan Life Insurance Co.,* 111 *N. J. L.* 474; 168 *Atl. Rep.* 634. We pass by the lack of technique in the use of the word "burden" rather than "duty" as of ephemeral importance since the proposition embodied in the request was, in substance, charged. In this situation the court was under no duty to accept the language of the request submitted by counsel when the subject-matter of the request had already been *correctly* incorporated in the charge. *Tooker* v. *Lonky, supra.* We observe further that the request submitted contains the fallacy, at least by implication, that it was the defendant's duty to satisfy the jury by the greater weight of the evidence that the plaintiff had agreed to perform the services in question without compensation. Quite to the contrary, it was the burden of the plaintiff to produce evidence sufficient to persuade the jury that he performed the services in question; that his claim for compensation was meritorious, and that the defendant agreed to pay for such services, and this burden of proof remained with the plaintiff to the end of the case. This is the rule of law applicable to the theory upon which the complaint was drafted, averring, as it does, an express hiring and in keeping with the testimony of the plaintiff, who claimed an express promise to pay. We find no merit in this ground for appeal.

The third request to charge, rejected by the trial judge and assigned here as a ground for reversal, is essentially a restatement or an elaboration of the second request to charge and no further analysis or comment is necessary.

The fourth rejected request reads thus:

"4. If Laird & Company knew Gimbel was performing the services claimed by him and paid for charges incurred by Gimbel and accepted the benefits of Gimbel's services, the situation is the same in law as if Laird had expressly asked Gimbel to perform the services."

The appellant argues that this is a sound, legal proposi-

tion, relying on the case of *Bozarth* v. *Dudley,* 44 *N. J. L.* 304. It is sufficient to say that the facts in this case, when compared with those in the Bozarth case, are quite dissimilar; nor is the principle of that case, in our view, applicable to the facts of this. Now as to the request itself, considered as a legal proposition for this case, the suppositions contained in this request were inept since they were not in dispute. The defendant admitted that the plaintiff rendered services in the advertising field; the charges incurred by the plaintiff for advertising were admittedly paid by the defendant. It would be inaccurate to state these conceded facts to the jury in the hypothetical form as submitted. The premises do not fit into the case. They attempt to inject into it a consideration of an implied contract while the complaint asserts, and the plaintiff testified to, an express contract. The law will never imply a contract to pay for services contrary to the intention and understanding of the parties. *Ridgway* v. *English,* 22 *N. J. L.* 409, 416. Again it is an elementary rule that only questions within the issues raised by the pleadings should be presented to the jury, and the question of implied contract was not in the case. *Murphy* v. *North Jersey Street Railway Co.,* 71 *Id.* 5; 58 *Atl. Rep.* 1018; *Martinez* v. *Runkle,* 57 *N. J. L.* 111; 30 *Atl. Rep.* 593; *Excelsior Co.* v. *Sweet,* 59 *N. J. L.* 441; 31 *Atl. Rep.* 721; *Duel* v. *Mansfield Plumbing Co.,* 86 *N. J. L.* 582; 92 *Atl. Rep.* 367. Nor was it any part of the court's duty to modify the request to conform with the facts. "A request must stand or fall by the language in which it is presented to the court unless modified by counsel." *Manchester Building and Loan Association* v. *Allee et al.,* 81 *N. J. L.* 605; 80 *Atl. Rep.* 466.

The fifth ground of appeal is based on plaintiff's exception to the court's charge. In entering his exception, counsel said, "I respectfully except to that portion of your honor's charge wherein your honor dealt with payment by Laird & Company of the advertising bills." We do not consider this exception sufficiently specific. This exception is directed to what the court said regarding a subject-matter, to wit, the payment of advertising bills, and the argument in the brief

under this point is that the charge "by no means instructs the jury as to the weight that should properly be given to the acceptance by the defendant of the benefits of the plaintiff's efforts and the paying of charges incurred through his efforts." This contention makes plain the fact that appellant complains not concerning what was said but what the court should have said or failed to say. *Cf. Benz* v. *C. R. R.,* 82 *N. J. L.* 197, 199; *affirmed,* 83 *Id.* 780; 82 *Atl. Rep.* 431. The exception is quite like those held insufficient in many cases, of which *Fenning et al.* v. *Greenfield,* 107 *N. J. L.* 272, 276; 153 *Atl. Rep.* 574, and *Stathos* v. *Bunevich,* 107 *N. J. L.* 269; 153 *Atl. Rep.* 572, are examples. It is also fitting to say that the excerpt from the charge assigned as error is, in our opinion, free from error.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, DONGES, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.   9.

*For reversal*—PARKER, LLOYD, CASE, BODINE, HEHER, JJ.   5.